IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| OTHMAN A. RAHAB<br>*aka* OTHEL GRAY, JR.,<br><br>  Plaintiff,<br><br>v.<br><br>JESSICA FREEMAN and<br>AMERICAN CAB CO.,<br><br>  Defendants. | Case No. 15-1138-MLB |

### REPORT AND RECOMMENDATION

Simultaneous with the filing of this order, the court granted plaintiffs' request to proceed in this case without prepayment of the filing fee. (Memorandum and Order, Doc. 16.) However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

### Background

On March 24, 2009, plaintiff Othman A. Rahab (also known as Othel Gray, Jr.) was involved in an automobile accident while he was a passenger in a taxi operated by

American Cab Company.  Defendant Jessica Freeman allegedly failed to stop at a red light, causing a collision with the taxi.  Plaintiff alleges that the accident caused him to become paralyzed for some period of time and later caused him to suffer a stroke.

On October 8, 2013, plaintiff filed a personal injury action against both Freeman and American Cab in the District Court of Butler County, Kansas.[1]  Summary judgment was granted to Freeman in Butler County District Court on the basis that the applicable two-year statute of limitations found in K.S.A. § 60-513(a)(4) had expired prior to plaintiff's filing.[2]  Although plaintiff alleged that he had been legally incapacitated under K.S.A. § 60-515, he failed to respond to either Freeman's motion for summary judgment or her amended motion which was specifically directed at the issue of incapacity. Plaintiff appealed the district court's judgment, but the Kansas Court of Appeals upheld that ruling on March 6, 2015.[3]  Plaintiff then filed this federal action on April 30, 2015, seeking damages against the same defendants.

**Analysis**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court shall dismiss the case at any time if the court determines that the action fails to state a claim on which relief may be granted. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[4]  The court reviews the sufficiency of the

---

[1] Case No. 2013-CV-371.
[2] The state court record is unclear regarding the status or disposition of defendant American Cab.
[3] *Gray v. Freeman*, No. 112,248, 344 P.3d 398 (Kan. Ct. App. 2015).
[4] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3).

complaint under the same standards as those used when the court considers a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[5] Because plaintiff proceeds pro se, his pleadings must be liberally construed.[6] However, plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[7] and the court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[8] Plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[9]

At the outset, the basis for jurisdiction of plaintiff's case is unclear. Plaintiff completed the Civil Complaint form at filing and alleges in Section II ("Jurisdiction") that all parties are residents of the State of Kansas (Doc. 1). He does not check any box to indicate that jurisdiction is founded on grounds other than diversity but cites to numerous Kansas statutes and military regulations—none of which appear to confer jurisdiction on the federal court.[10] Because "federal courts are of limited jurisdiction, they must have a statutory basis for their jurisdiction.[11] Plaintiff offers no basis for

---

[5] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[6] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[7] *Id*.
[8] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[9] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[10] The caption for all plaintiff's pleadings reads "In the Court of Appeals of the State of Kansas; Appeal from the District Court of Butler County, Honorable Mike Ward, Judicial District Court Case No. 2013-CV-371/ 14-112248-A; In the Supreme Court of Kansas . . . Federal Court of Kansas." It appears that plaintiff directs his pleadings toward multiple courts in both the federal and state district courts.
[11] *See Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction:

complaint under the same standards as those used when the court considers a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[5] Because plaintiff proceeds pro se, his pleadings must be liberally construed.[6] However, plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[7] and the court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[8] Plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[9]

At the outset, the basis for jurisdiction of plaintiff's case is unclear. Plaintiff completed the Civil Complaint form at filing and alleges in Section II ("Jurisdiction") that all parties are residents of the State of Kansas (Doc. 1). He does not check any box to indicate that jurisdiction is founded on grounds other than diversity but cites to numerous Kansas statutes and military regulations—none of which appear to confer jurisdiction on the federal court.[10] Because "federal courts are of limited jurisdiction, they must have a statutory basis for their jurisdiction.[11] Plaintiff offers no basis for

---

[5] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[6] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[7] *Id*.
[8] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[9] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[10] The caption for all plaintiff's pleadings reads "In the Court of Appeals of the State of Kansas; Appeal from the District Court of Butler County, Honorable Mike Ward, Judicial District Court Case No. 2013-CV-371/ 14-112248-A; In the Supreme Court of Kansas . . . Federal Court of Kansas." It appears that plaintiff directs his pleadings toward multiple courts in both the federal and state district courts.
[11] *See Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction:

federal question jurisdiction, and based on the citizenship of the parties, it is clear that diversity jurisdiction is unavailable. Therefore, it is recommended that the court dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Even if the issue of subject matter jurisdiction were not dispositive, plaintiff offers no plausible claim for relief. Plaintiff's claim appears to be the very same claim which has been adjudicated by the District Court of Butler County, and that decision was upheld by the Kansas Court of Appeals. This court is not the proper forum for an appeal of a state court decision. A review of the complaint confirms that plaintiff neither pleads "enough facts to state a claim to relief that is plausible on its face,"[12] nor presents a rational argument on the facts or law in support of his claim.[13] It is therefore recommended that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS THEREFORE RECOMMENDED** that plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R.

---

federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir.2003)).

[12] *Fry v. Beezley*, 2010 WL 1371644, at *1 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[13] *Graham v. Sec'y of Health & Human Servs.,* 785 F.Supp. 145, 146 (citing *Dolence v. Flynn*, 628 F. 2d 1280, 1281 (10th Cir. 1980)).

Civ. P. 72(b), the plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[14]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 20th day of May 2015.

s/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[14] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).