IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
OTHMAN A. RAHAB aka            )
OTHEL GRAY, JR.,               )
                               )
                 Plaintiff,    )    CIVIL ACTION
                               )
v.                             )    No.  15-1138-MLB
                               )
JESSICA FREEMAN and            )
AMERICAN CAB CO.,              )
                               )
                 Defendants.   )
                               )
```

**MEMORANDUM AND ORDER**

This case comes before the court on the following:

1) Magistrate Judge Karen Humphreys' report and recommendation (Doc. 17) recommending dismissal pursuant to 28 U.S.C. § 1915(e)(2);

2) Plaintiff's objection (Doc. 21).

**I.   Standards**

The standards this court must employ upon review of plaintiff's objection to the Recommendation and Report are clear. See generally 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. First, only those portions of the Recommendation and Report plaintiff specifically identified as objectionable will be reviewed. See Gettings v. McKune, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000). Second, review of the identified portions is de novo. Thus, the Recommendation and Report is given no presumptive weight. See Griego v. Padilla, 64 F.3d 580, 583-84 (10th Cir. 1995).

**II.  Analysis**

Plaintiff filed this action against defendants alleging he suffered damages from a car accident which occurred in Andover,

Kansas. Plaintiff and both defendants are alleged to be Kansas residents.

The magistrate held that plaintiff's claims did not invoke this court's jurisdiction and, therefore, recommended dismissal. In his objection, plaintiff makes no attempt at establishing a basis for this court's jurisdiction. Federal courts are courts of limited jurisdiction. In an action which does not involve a federal question, such as this one, both parties must be citizens of different states. 28 U.S.C. § 1332. All parties in this case are Kansas citizens. Therefore, this court does not have subject matter jurisdiction over this action and it must be dismissed. Laughlin v. KMART Corp., 50 F.3d 871, 873 (10th Cir. 1995).

## III. Conclusion

Plaintiff's objection to Magistrate Judge Humphreys' Order is OVERRULED (Doc. 21) and the court adopts the report and recommendation in its entirety. (Doc. 17). This action is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

IT IS SO ORDERED.

Dated this  2nd    day of June 2015, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE